UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
DAVID BUTLER,

                  Plaintiff,                              1:24-cv-8278

          -against-                          COMPLAINT

LVNV FUNDING, LLC,
EQUIFAX INFORMATION SERVICES, LLC, and
EXPERIAN INFORMATION SOLUTIONS, INC.,

                  Defendants.
-------------------------------------------------------------------x

       Plaintiff DAVID BUTLER  ("Plaintiff"), by and through his undersigned counsel, Mallon

Consumer Law Group, PLLC  brings this action against Defendants  LVNV Funding, LLC

("LVNV Funding") EQUIFAX INFORMATION SERVICES, LLC ("Equifax"), and EXPERIAN

INFORMATION SOLUTIONS, INC. ("Experian"), and alleges the following, upon information

and belief:

## PRELIMINARY STATEMENT

1.   Plaintiff brings this action against Defendant LVNV Funding for violating the FCRA, 15

U.S.C. § 1681s-2(b), by failing to conduct a reasonable investigation of Plaintiff's disputes of

inaccurate information on his credit reports. Defendant LVNV Funding further violated the

FDCPA, 15 USC 1692 et seq. by attempting to collect a debt that Plaintiff did not owe. Specifically,

LVNV continued to attempt to collect a debt from fraudulent credit card charges incurred while

Plaintiff was incarcerated in Costa Rica.

2.   Plaintiff brings this action against Defendants Equifax, and Experian, (hereinafter

collectively referred to as the "CRA Defendants")—the three major national credit reporting agencies—for violating the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq*., and the New York Fair Credit Reporting Act ("NY FCRA"), N.Y. GBL § 380 *et seq.*, by failing to conduct reasonable investigations after Plaintiff disputed the fraudulent charges.  Defendants refused to reasonably investigate the dispute even after Plaintiff submitted relevant documents proving that the charges were fraudulent.

3.    Plaintiff further alleges that as a direct and proximate result of Defendants' unlawful actions, conduct, and omissions, the erroneous derogatory payment information wrongfully listed on Plaintiff's consumer reports caused him to suffer actual damages including, *but not limited to*, damage to reputation, adverse impact on credit rating, being offered credit on inferior terms in addition to emotional distress, expenditure of time and resources, annoyance, aggravation, and frustration.

4.    Plaintiff brings this action for actual, statutory, and punitive damages, as well as for statutory attorney's fees and costs, pursuant to the FCRA, 15 U.S.C. § 1681 *et seq.*, and the NY FCRA, N.Y. GBL § 380 *et seq.*

## JURISDICTION AND VENUE

5.    The jurisdiction of this Court is conferred by 15 U.S.C. § 1681p.

6.    This Court has diversity jurisdiction over the state law claims pursuant to 28 U.S.C. § 1332, as well as supplemental jurisdiction of the state law claims asserted herein pursuant to 28 U.S.C. § 1367(a).

7.    Venue is properly laid pursuant to 28 U.S.C. § 1391(b).

**PARTIES**

8.  Plaintiff, a natural person, is a resident of the State of New York, and Kings County, and qualifies as an individual "consumer" within the meaning of both the FCRA and the NY FCRA. See 15 U.S.C. § 1681a(c); N.Y. GBL § 380-a(b).

9.  Defendant Equifax is a Georgia corporation, duly authorized and qualified to do business in the State of New York.  Equifax qualifies as a "consumer reporting agency" within the meaning of both the FCRA and the NY FCRA.  See 15 U.S.C. § 1681a(f); N.Y. GBL § 380-a(e).

10.  Defendant Experian is an Ohio corporation, duly authorized and qualified to do business in the State of New York.  Experian qualifies as a "consumer reporting agency" within the meaning of both the FCRA and the NY FCRA.  See 15 U.S.C. § 1681a(f); N.Y. GBL § 380-a(e).

11.  Defendant LVNV Funding is a Delaware corporation, duly authorized and qualified to do business in the State of New York. LVNV qualifies as a "furnisher of information" as contemplated by the FCRA, 15 U.S.C. §§ 1681s-2(a) and (b), that regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transactions or experiences with any consumer. LVNV further qualifies as a "debt collector" within the meaning of 15 U.S.C. § 1692(a)(6).

**FACTUAL BACKGROUND**

12.  Plaintiff served 18 months in U.S. federal custody after being convicted of a white-collar crime beginning in April 2022.

13.  While Plaintiff was in custody a number of fraudulent charges were made without his consent on his Capital One and Credit One credit cards totaling approximately $4,500.

14.  Plaintiff did not have access to these cards while in prison and could not possibly have made

the fraudulent charges.

15.  Plaintiff notified both creditors of the fraudulent charges and requested that they be removed from his accounts.

16.  While Capital One eventually acknowledged the fraudulent charges, Credit One continued to pursue the alleged debt from Plaintiff, eventually assigning the debt to Defendant LVNV Funding.

17.  Both LVNV Funding and Credit One attempted to collect the fraudulent debt by placing derogatory information regarding the account on Plaintiff's credit report.

18.  Beginning in July 2024 Plaintiff repeatedly disputed the debt with all three major credit reporting agencies TransUnion, Experian and Equifax.

19.  TransUnion investigated the Plaintiff's disputes and removed the accounts from his credit report after failing to verify the accuracy of the information reported.

20.  Experian and Equifax, however, failed to conduct a reasonable reinvestigation of the subject account and refused to remove the inaccurate account from the Plaintiffs reports.

21.  LVNV Funding received the multiple disputes from Equifax and Experian but failed to conduct a reasonable investigation of the Plaintiff's disputes and refused to cease reporting the account to Experian and Equifax and continued its efforts to collect the debt from Plaintiff.

22.  As of this date each of the defendant credit reporting agencies continues to inaccurately report the fraudulent Citibank charge as belonging to Plaintiff, destroying his otherwise stellar credit profile.

23.  Plaintiff has suffered harm as a result of Defendants' conduct here.  The inaccurate derogatory information wrongfully listed on Plaintiff's consumer reports was, at a minimum, a

substantial factor in being denied credit and caused Plaintiff significant emotional distress and damage to his reputation, adverse impact on credit rating, expenditure of time and resources, annoyance, aggravation, and frustration.

### FIRST CAUSE OF ACTION
VIOLATION OF THE FCRA
Against All Defendants

24.  Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

25.  Defendants Equifax and Experian each prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced numerous consumer reports regarding the Plaintiff, as that term is defined in the FCRA.  See 15 U.S.C. § 1681a(d).

26.  Such reports erroneously included false and derogatory payment information associated with the

27.  Defendants Equifax and Experian willfully (or, in the alternative, negligently) violated 15 U.S.C. § 1681i by failing to conduct reasonable reinvestigations of the Plaintiff's multiple disputes of the erroneous and derogatory payment information associated with the subject Credit One account.

28.  Defendants Equifax and Experian willfully (or, in the alternative, negligently) violated 15 U.S.C. § 1681i(a)(4) by failing to review and consider all relevant information submitted by the Plaintiff regarding his disputes.

29.  Defendants Equifax and Experian willfully (or, in the alternative, negligently) violated 15 U.S.C. § 1681i(a)(5) by failing to delete or modify the disputed erroneous and derogatory payment information associated with the subject Credit One account from the Plaintiff's file after failing to

verify the completeness and accuracy of that information.

30.  Defendants Equifax and Experian willfully (or, in the alternative, negligently) violated 15 U.S.C. § 1681i(a)(5) by failing to delete or modify the disputed erroneous and derogatory payment information associated with the subject Credit One account from the Plaintiff's file after failing to verify the completeness and accuracy of that information.

31.  After receiving notification of the Plaintiff's disputes from Experian and Equifax, Defendant LVNV Funding willfully (or, in the alternative, negligently) violated 15 U.S.C. § 1681s-2(b) by failing to conduct reasonable reinvestigations of Plaintiff's multiple disputes of the erroneous and derogatory payment information associated with the subject account, and by failing to review all relevant information regarding Plaintiff's disputes thereof.

32.  Defendant LVNV Funding willfully (or, in the alternative, negligently) violated 15 U.S.C. § 1681s-2(b)(1)(B) by failing to review all relevant information purportedly provided by the consumer reporting Defendants in conducting its reinvestigations of the subject account.

33.  Accordingly, Defendants are thus liable to the Plaintiff for actual, statutory, and punitive damages in an amount to be determined by the trier of fact, as well as for the Plaintiff's litigation costs and reasonable attorney's fees incurred as a result of Defendants' FCRA violations, pursuant to 15 U.S.C. §§ 1681n and 1681o.

<u>**SECOND CAUSE OF ACTION**</u>
VIOLATION OF THE NY FCRA
Against Defendants Equifax and Experian Only

34.  Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

35.  Defendants Equifax and Experian, each prepared, compiled, issued, assembled, transferred,

published, and otherwise reproduced numerous consumer reports regarding the Plaintiff, as that term is defined in the NY FCRA.  See N.Y. GBL § 380-a(c)(1).

36.  Such reports erroneously included false and derogatory payment information associated with the subject Credit One account.  Defendants knew, or should have known, that the reports contained such erroneous information, in violation of N.Y. GBL § 380–j(a)(3).

37.  Defendants Equifax and Experian willfully (or, in the alternative, negligently) violated N.Y. GBL § 380-f by failing to conduct reasonable reinvestigations of the Plaintiff's multiple disputes of the erroneous and derogatory payment information associated with the subject Citibank accounts.

38.  Defendants Equifax and Experian (or, in the alternative, negligently) violated N.Y. GBL § 380-f by failing to conduct reasonable reinvestigations of the Plaintiff's multiple disputes of the erroneous and derogatory payment information associated with the subject Credit One account.

39.  Defendants Equifax and Experian willfully (or, in the alternative, negligently) violated N.Y. GBL §§ 380-f(b) and (d) by failing to delete or modify the disputed information regarding the subject Credit One account from the Plaintiff's file after failing to verify the completeness and accuracy of that information.

40.  Defendants Equifax and Experian willfully (or, in the alternative, negligently) violated N.Y. GBL §§ 380-f(b) and (d) by failing to delete or modify the disputed information regarding the subject Credit One account from the Plaintiff's file after failing to verify the completeness and accuracy of that information.

41.  Defendants each published credit reports regarding the Plaintiff on multiple occasions containing the erroneous and derogatory payment information associated with the subject accounts and the subject Credit One account, causing the Plaintiff to suffer economic harm via being offered

credit on inferior terms, limiting his opportunities for credit, in addition to emotional distress, expenditure of time and resources, annoyance, aggravation, and frustration.

42.  Accordingly, Defendants are thus liable to Plaintiff for actual and punitive damages in an amount to be determined by the trier of fact, as well as for the Plaintiff's litigation costs and reasonable attorney's fees, pursuant to N.Y. GBL §§ 380-l and 380-m.

43.  Plaintiff is thus further entitled to an injunction requiring the consumer reporting Defendants to remove the erroneous and derogatory payment information associated with the subject Citibank account from the Plaintiff's respective credit files, and to implement policies and procedures designed to ensure future compliance with the NY FCRA and prevent similar errors from occurring in the future.

**THIRD CAUSE OF ACTION**
VIOLATION OF THE FDCPA
Against Defendant LVNV Funding

44.  Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

45.  Defendant LVNF Funding is a debt collector as defined in 15 U.S.C. § 1692(a)(6).

46.  Defendant LVNV Funding  violated 15 U.S.C. § 1692e(8) by communicating false credit information to the consumer reporting agency Defendants regarding the subject disputed debt.

47.  Defendant LVNV Funding  violated 15 U.S.C. § 1692e(10) by using false representations and deceptive means to collect the subject disputed debt.

48.  Defendant LVNV Funding  violated 15 U.S.C. § 1692f(1) by attempting to collect a debt that Plaintiff did not owe.

49.  Plaintiff has suffered harm as a result of Plaintiff's violations of the FDCPA including but

not limited to damage to his credit and emotional distress.

**THE PLAINTIFF DEMANDS A JURY TRIAL ON ALL CAUSES OF ACTION ASSERTED HEREIN.**

Dated: November 27, 2024

Respectfully submitted,

Kevin C. Mallon
238 Merritt Drive
Oradell, NJ. 07649
(646) 713-1008
kmallon@consumerprotectionfirm.com
*Attorneys for the Plaintiff*